UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ESTATE OF BETH ANN LEE,

                                                                          **OPINION AND ORDER**

                           Plaintiff,

v.                                                                        26-CV-00559 (PMH)

BRYAN MEDICAL CENTER, et al.,

                           Defendants.
----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On January 21, 2026, Matthew F. Leber ("Leber"), purportedly the administrator of the Estate of Beth Ann Lee and proceeding *pro se*, filed a lawsuit on behalf of the Estate of Beth Ann Lee ("Plaintiff") against a number of healthcare entities and individuals (together, "Defendants"). (*See* Doc. 1). The Complaint includes twenty-two claims for relief, all pled by "Plaintiff, the ESTATE OF BETH ANN LEE, by and through its duly appointed Administrator, MATTHEW F. LEBER," who filed the Complaint *pro se*. (*See* Doc. 2).[1] On February 17, 2026, the Court issued an Order, directing that, "absent an appearance by licensed counsel for Plaintiff, Leber shall, no later than March 17, 2026 show cause why any claims belonging to the decedent's estate should not be dismissed." (*See* Doc. 6). The Court warned that Leber's failure to comply with the Order "may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b)." (*Id.*).

Subsequently, on May 6, 2026, upon the absence of a proper appearance by licensed counsel for Plaintiff, and Plaintiff's failure to comply with Doc. 6, the Court issued an Order extending *sua sponte* Plaintiff's time to either procure a proper appearance by counsel, or in the alternative, show cause why the action should not be dismissed for the reasons set forth in Doc. 6. (*See* Doc. 26).

---

[1] The Court assumes the parties' familiarity with the underlying procedural history of this action.

From May 13 through May 19, 2026, Plaintiff filed documents responding to the Court's Order to Show Cause (Doc. 26). (*See* Docs. 39-44). On May 21, 2026, the Court, having thoroughly reviewed Plaintiff's supporting documents, determined that Plaintiff "failed to sufficiently show cause," and accordingly dismissed the action. (Doc. 45, the "Prior Order").

On June 3, 2026, Plaintiff filed a "Letter Motion Under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) for Reconsideration and Clarification of the Court's May 21, 2026 Dismissal Order," requesting reconsideration of the Prior Order dismissing Plaintiff's case (the "Motion"). (Doc. 46, "Pl. Br.").[2] Defendants opposed the Motion (Doc. 48, "Def. Opp."), and the Motion was fully briefed with the filing of Plaintiff's reply. (Doc. 49, "Reply").[3]

For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## **STANDARD OF REVIEW**

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). Reconsideration

---

[2] On June 4, 2026, Plaintiff also filed a letter to "Vacate the May 21, 2026 Dismissal Order . . . for Fraud on the Court." (Doc. 47, "Pl. Supp. Br."). In light of Plaintiff's *pro se* status, the Court considers this additional document, which requests the same relief, *e.g.*, "vacat[ing] the . . . Dismissal Order," as supplementing the Motion.

[3] On June 23, 2026, Plaintiff filed a Letter along with the Reply, requesting "clemency and grace pertaining to the late filing of its Reply." (Doc. 50). The Court grants Plaintiff's request, to the extent it contains a request for a *nunc pro tunc* extension of time to Reply, and grants such request. The Court will consider Plaintiff's Reply as timely filed.

of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citation modified). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff's Motion seeks reconsideration of the Prior Order on the following bases: (1) Counsel for Plaintiff did appear, despite the Court's "invocation of a licensed-counsel requirement," and the Court should vacate the Prior Order for the Counsel's purported fraud on the court; (2) Plaintiff "textually satisfied the requirements of the Show Cause Order under both Second Circuit authorities the Court cited"; (3) the Court did not address Plaintiff's argument concerning the alleged "displacement framework" set forth by "unanimous Supreme Court authority"; and (4) the Court misapplied the law concerning Rule 41(b). (*See* Pl. Br. at 1-9; *see also, generally* Pl. Supp. Br.).

Plaintiff, through his Motion, seeks, in short, everything that Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 caution against: namely, Plaintiff uses the reconsideration framework improperly as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Analytical Surveys, Inc.*, 684 F.3d at 52. In fact, Plaintiff fails to meaningfully cite to any precedent other than the standards considered and applied by the Court in the Prior Order, and offers "substantially the same arguments he offered on the original motion," which is, again, improper. *See Premium Sports Inc.*, 2012 WL 2878085, at *1. Plaintiff also attempts to include a new theory on reconsideration, *i.e.*, that counsel who failed to properly appear on Plaintiff's behalf did so intentionally to effectuate a fraudulent scheme that resulted in fraud upon the Court. (*See generally* Pl. Supp. Br.). This theory is improperly presented at this stage, as a "party may not advance new facts, issues or arguments not previously presented to the Court," nor "present[] the case under new theories." *See Polsby*, 2000 WL 98057, at *1; *see also Analytical Surveys, Inc.*, 684 F.3d at 52.

4

In sum, Plaintiff's dissatisfaction with the Court's ruling in the Prior Order is not a proper basis for reconsideration. S*ee Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, No. 04-CV-03531, 2022 WL 2529281, at *1 (S.D.N.Y. July 7, 2022) ("Rule 59(e) motions . . . are not vehicles for parties to relitigate cases or advance new theories."); *Benjamin v. Goord*, No. 02-CV-01703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("A motion for reconsideration is not, however, a 'second bite at the apple' for a party dissatisfied with a court's ruling." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))). Plaintiff has provided no evidence of "matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Murray v. Dutcavich*, No. 17-CV-09121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020).

Accordingly, and as reconsideration is an "extraordinary remedy," *see In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d at 614, Plaintiff's motion is denied.

## CONCLUSION

Because Plaintiff has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, the motion for reconsideration of the Prior Order is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 46).

SO ORDERED:

Dated: White Plains, New York
     July 1, 2026

_____
Philip M. Halpern
United States District Judge

5